UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DALE MCKENZIE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:10CV01494 AGF/TCM |
| ) | |
| TROY STEELE and CHRIS KOSTER, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the petition of Missouri state prisoner Dale W. McKenzie for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court referred this matter to United States Magistrate Judge Thomas C. Mummert, III for a Report and Recommendation on all dispositive matters pursuant to 28 U.S.C. §636(b). On August 28, 2013, Magistrate Judge Mummert filed his recommendation that Petitioner's habeas petition should be denied. (Doc. 40.) Petitioner timely filed objections to the Magistrate Judge's Order and Report and Recommendation.

For the reasons set forth below, this Court hereby sustains, adopts, and incorporates the Magistrate Judge's Report and Recommendation, except as to the Magistrate Judge's recommendation that Ground One and Ground Three in Petitioner's amended petition should be denied as moot because one of the grounds asserted (Ground Two) did not relate back to the original petition and was thus time-barred. Ground One asserted ineffective assistance of defense counsel for misinforming Petitioner about the

maximum sentence he would receive if found guilty, and Ground Three challenged Petitioner's status as a prior and persistent offender because it was based in part on an invalid Georgia state conviction. The Court concludes that it must consider whether Grounds One and Three of the amended petition relate back, and if so, whether they warrant habeas relief. *See, e.g., Dodd v. United States*, 614 F.3d 512, 516-17 (8th Cir. 2010) (treating claims in an amended habeas petition separately in considering whether they related back to the original petition, and remanding the one claim that did relate back for consideration on the merits).

Ultimately the Court concludes that these two grounds do relate back to the original petition, but that Ground One is without merit; and Ground Three is procedurally defaulted, and Petitioner has not shown a basis to excuse the default. Accordingly, Petitioner's request for habeas relief shall be denied.

## BACKGROUND

In July 2006, a jury found Petitioner guilty of first degree burglary, first degree assault, and third degree assault. Prior to trial, the court found Petitioner to be a prior and persistent offender based on (1) a prior conviction in California for the felony of sexual battery, and (2) a prior conviction in Georgia in August 1998 for the felony of sodomy. With respect to the Georgia conviction, Petitioner had been charged with rape, aggravated sodomy, and possession of a firearm by a felon, but he entered into a plea agreement whereby he pled guilty to sodomy, and the original charges were dismissed. (Doc. No. 1-2.) Under Georgia law, sodomy did not involve the element of force, whereas aggravated sodomy did.

In December 1998, the Georgia Supreme Court held in *Powell v. State*, 510 S.E.2d 18, 26 (Ga.), that the Georgia sodomy law "insofar as it criminalizes the performance of private unforced noncommercial acts of sexual intimacy between persons legally able to consent" was unconstitutional.

Following the jury verdict of guilty in the case underlying the present habeas petition, Petitioner was sentenced as a prior and persistent offender to consecutive terms of imprisonment of 30 years (first degree burglary), life (first degree assault), and one year (third degree assault). Under Missouri law, a "prior offender" is one who has pleaded guilty to or has been found guilty of one felony, Mo. Rev. Stat. § 558.016.2; a "persistent offender" is one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times," *id*. § 558.016.3. Had Petitioner been sentenced merely as a prior offender, the maximum sentence for each of the convictions would have been 15 years. *Id*. §§ 558.011.1(2), 558.016.7(2).

On the day of sentencing, September 22, 2006, Petitioner challenged his status as a prior and persistent offender on the ground that the Georgia sodomy statute, as it had been applied to him, had been declared invalid. Petitioner requested a two-week continuance to seek to overturn the Georgia conviction. The trial court denied the request for a continuance, refused to amend the determination that Petitioner was a prior and persistent offender, and sentenced Petitioner as noted above.

In April 2007, the Eleventh Circuit Court of Appeals held in *Mauk v. Lanier*, 484 F.3d 1352, 1355 (11th Cir. 2007), that *Powell* applied retroactively to cases on collateral review. Petitioner's direct appeal in the present case was filed on September 26, 2007.

One of the grounds Petitioner raised was that the trial court abused its discretion in denying the continuance he had requested. The Missouri Court of Appeals rejected this argument, noting that Petitioner had had adequate time since the Georgia statute had been declared unconstitutional, and since his current Missouri convictions, to investigate the validity of his sodomy conviction. The appellate court stated, incorrectly, that though the aggravated sodomy charge had been reduced to sodomy, Petitioner had still been convicted of rape. The appellate court stated that it was therefore reasonable to assume that Petitioner's acts in Georgia involved force, and thus his sodomy conviction would not be void under *Powell*.

## DISCUSSION

**Ground One of Amended Petition: Ineffective Assistance of Counsel for Misinforming Petitioner that the Maximum Sentence He Would Receive if Found Guilty Would Not Exceed the Concurrent Sentence of 25 Years Offered by the State if He Pled Guilty**

The Court concludes that Ground One of the amended petition relates back to Ground Eleven of the original petition. *See McKay v. Purkett*, 255 F.3d 660, 661 (8th Cir. 2001) (stating that claims in an amended habeas petition relate back "if the claims asserted arose out of the same conduct, transaction, or occurrence" as the original claims) (citation omitted). The Magistrate Judge held that Ground Eleven was procedurally defaulted because Petitioner did not present it to the state court on appeal in the postconviction proceedings. The Magistrate Judge further held that Petitioner did not show cause and prejudice, nor a miscarriage of justice, to excuse the default.

Petitioner objected to the Magistrate Judge's recommendation on this ground.

Citing *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), Petitioner asserts in his amended petition that initial post-conviction counsel was ineffective by failing to amend his claim of ineffectiveness of trial counsel with regard to the alleged sentencing misinformation. Petitioner maintains that this provides the requisite cause to overcome his "procedural default" with respect to this claim.

The claim that trial counsel was ineffective for misinforming Petitioner about the sentence he faced was considered by the state postconviction court on its merits and rejected because Petitioner merely stated that with correct information he would have "more seriously considered" the plea offer, rather than that he would have definitely accepted it. (Resp. Ex. F.) Petitioner cannot obtain federal habeas relief on a claim that postconviction counsel was ineffective for failing to amend his pro se pleading by changing "more seriously considered" to "definitely would have." *See Martinez*, 132 S. Ct. at 1315, 1320 (stating that state criminal defendants have no constitutional right to counsel in state postconviction proceedings).

Even if the question is construed in the context of procedural default and initial postconviction counsel's ineffectiveness is offered by Petitioner, under *Martinez*, as cause to excuse the default, Petitioner cannot prevail. Petitioner attested to the truth of the matters set forth in his pro se motion (Resp. Ex. F at 7-8), and of course, Petitioner's own state of mind is something he was in a unique position to know. Postconviction counsel was entitled to rely on Petitioner's statement therein that he would have "more seriously considered" the plea. Petitioner does not assert that he asked postconviction counsel to amend the pro se motion for postconviction relief to change his factual

assertions to different factual assertions, or that he told her he would have pleaded guilty had he known he faced more than 25 years. Thus he has not established that initial postconviction counsel was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). *See Martinez*, 132 S. Ct. at 1318.

**Ground Three: Challenging Petitioner's Status as a Persistent Offender**

The Court concludes that Ground Three of the amended petition relates back to Ground Ten in the original petition. As Petitioner acknowledges, the Magistrate Judge correctly held that Ground Ten was procedurally defaulted because Petitioner did not present it to the state court on direct appeal (or in the postconviction proceedings). The Magistrate Judge further held that Petitioner did not show cause or manifest injustice to excuse the default. In his amended petition, Petitioner argued that he was "actually innocent" of being a persistent offender because the trial court's determination of his status as a persistent offender was based on a void sodomy conviction in Georgia. Therefore, Petitioner argued, failure to consider the merits of this claim would result in a fundamental miscarriage of justice.

Traditionally, the "actual innocence" exception to a procedural default was limited to situations where the petitioner claimed that he was actually innocent of committing the acts with which he was charged. The actual innocence exception has been extended to claims of constitutional error in capital sentencing. *Sawyer v. Whitley*, 505 U.S. 333, 349 (1992). There is a circuit split over whether the actual innocence exception extends to sentencing in the non-capital context. *Compare Haley v. Cockrell*, 306 F.3d 257 (5th Cir. 2002) (holding that the actual innocence exception applies to noncapital sentencing

where the issue is eligibility for career or habitual offender status), *and United States v. Mikalajunas*, 186 F.3d 490 (4th Cir. 1999) (same), *with Embrey v. Hershberger*, 131 F.3d 739 (8th Cir. 1997) (holding that, in the sentencing context, the actual innocence exception only applies in capital cases), *Hope v. United States*, 108 F.3d 119 (7th Cir. 1997) (same), *and Reid v. Oklahoma*, 101 F.3d 628 (10th Cir. 1996) (same).

The Eighth Circuit has reaffirmed its holding in *Embrey* more recently in *Sun Bear v. United States*, 644 F.3d 700 (8th Cir. 2011), and *Lindsey v. United States*, 615 F.3d 998, 1001 (8th Cir. 2010) ("[T]he actual innocence exception to the procedural default rule is not available to remedy errors in noncapital sentencing").  Therefore, the Court rejects Petitioner's argument that the procedural default with respect to Ground Ten in the original habeas petition, as amended by Ground Three of the amended habeas petition, should be excused.

## CONCLUSION

The Court concludes that Petitioner is not entitled to federal habeas relief. Furthermore, the Court does not believe that  reasonable jurists might find the Court's assessment of the procedural or substantive issues presented in this case debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C. §2254(d)(2).  *See Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003) (standard for issuing a Certificate of Appealability) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation is adopted and incorporated except as modified herein.  [Doc. No. 40.]

**IT IS FURTHER ORDERED** that Petitioner's objections to the Magistrate Judge's Report and Recommendation are overruled. [Doc. No. 43.]

**IT IS FURTHER ORDERED** that the petition of Dale W. McKenzie for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability shall not issue in this case.

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 30th day of September, 2013.